## CALEB W. SLADE

### *v.*

## ROBERT D. McCLURE *et al.*

1. CONTINUANCE—*for absence of witness.* Where a cause had been once continued on account of the absence of the same witnesses, who were defendant's partners, and had absconded, taking with them the partnership books, and the affidavit for the second continuance for the same cause presented such a state of circumstances as to reasonably shut out all hope of procuring the testimony of the witnesses: *Held,* no error in refusing the second application.

2. NEW TRIAL—*on ground of surprise.* Where a motion for a new trial was based on the ground of surprise, occasioned by the testimony of a witness, it was *held,* that a new trial to enable the party to discredit the witness was properly denied.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action commenced by Robert D. McClure, Thomas Culter, Jared B. Wing and Charles P. Culter, partners under the name of McClure, Culter & Co., against Caleb W. Slade, Stephen Sexton and George W. Henninger, partners under the name of Henninger, Slade & Sexton, before a justice of the peace, and taken by appeal to the circuit court. Slade alone was served with process, the other defendants not being found. The action was upon a promissory note. Slade asked for and obtained a continuance of the cause at the first term on account of the absence of his two partners, Henninger and Sexton, and, at the second term, moved for a further continuance, on the same ground, which was refused. A

trial was had, resulting in a judgment in favor of the plaintiffs, and Slade appealed.

Messrs. CONWELL, DEARBORN & CAMPBELL, for the appellant.

Messrs. FULLERTON & ROGERS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Mason circuit court, to reverse a judgment rendered on a promissory note signed by appellant.

The points made here are: 1. The court refused to grant a continuance on defendant's motion and affidavit. 2. Refusing a new trial.

It appears from the record that a continuance had been applied for by defendant at a previous term, and allowed by the court, on account of the absence of certain named witnesses, by whom he expected to prove certain facts adjudged material.

. At the subsequent term, the same affidavit, substantially, was made the basis of another application for a continuance, on account of the absence of the same witnesses. This motion the court denied, and, we think, properly, in the exercise of a legal discretion, for the affidavit presented such a state of circumstances as to reasonably shut out all hope of procuring the testimony of these witnesses. They were the absconding partners of appellant, who, in their flight, had taken with them the books and papers of the concern.

The ground for a new trial is alleged to be surprise, occasioned by the testimony of one McClure. The purport of the testimony of Gordon, if had, would only tend to discredit the testimony of McClure. This has never been held sufficient ground for a new trial.

We perceive no error in the judgment, and must affirm the same.

*Judgment affirmed.*